MICHAEL E. MOSS  63408
HENRY Y. CHIU  222927
KIMBLE, MacMICHAEL & UPTON
A Professional Corporation
5260 North Palm Avenue, Suite 221
Fresno, California 93704-2215
Telephone: (559) 435-5500
Facsimile: (559) 435-1500

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

\* \* \*

BOARD OF TRUSTEES OF THE PIPE TRADES DISTRICT COUNCIL NO. 36 HEALTH AND WELFARE TRUST FUND; BOARD OF TRUSTEES OF THE PIPE TRADES DISTRICT COUNCIL NO. 36 PENSION TRUST FUND; BOARD OF TRUSTEES OF THE PIPE TRADES DISTRICT COUNCIL NO. 36 APPRENTICE TRAINING TRUST FUND; BOARD OF TRUSTEES OF THE CENTRAL CALIFORNIA PIPE TRADES INDUSTRY LABOR-MANAGEMENT COOPERATION COMMITTEE TRUST FUND,

　　　　　　Plaintiffs,

v.

RUTLEDGE PLUMBING, INC., a California corporation; and DOES 1 through 50, inclusive,

　　　　　　Defendants.

Case No. CV 08 3530

COMPLAINT FOR:

(1) BREACH OF COLLECTIVE BARGAINING AGREEMENT; AND

(2) ACCOUNTING

　　　　Plaintiffs Board of Trustees of the Pipe Trades District Council No. 36 Health and Welfare Trust Fund, Board of Trustees of the Pipe Trades District Council No. 36 Pension Trust Fund, Board of Trustees of the Pipe Trades District Council No. 36 Apprentice Training Trust Fund, and Board of Trustees of the Central California Pipe Trades Industry Labor-Management Cooperation Committee Trust Fund (collectively, "Plaintiffs") allege the following against defendants Rutledge Plumbing, Inc. and DOES 1 through 50 (collectively, "Defendants"):

///

LAW OFFICES
Kimble, MacMichael & Upton
A PROFESSIONAL CORPORATION
5260 NORTH PALM AVENUE
SUITE 221
P. O. BOX 9489
FRESNO, CA 93792-9489

1

COMPLAINT FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT, ETC.

## NATURE OF THE ACTION

1. This action arises under Sections 1132 and 1145 of the Employee Retirement Income Security Act of 1974 ("ERISA"), and Section 301 of the Labor Management Relations Act ("LMRA"). Plaintiffs herein allege that Defendants have failed and refused to make certain required payments to joint labor-management trust funds and employee benefit plans in violation of a collective bargaining agreement and certain trust agreements.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. §§ 1331 and 1337. Pursuant to 29 U.S.C. § 1132(f), jurisdiction is founded upon Sections 502 and 515 of ERISA, and Section 301 of the LMRA.

3. Venue is proper in this District pursuant to Section 502(e)(2) of ERISA, and Section 301(a) of the LMRA, in that the plans alleged herein are administered within the Northern District of California.

## PARTIES

4. Each of the above named Plaintiffs, except for the Board of Trustees of the Central California Pipe Trades Industry Labor-Management Cooperation Committee Trust Fund was, and is: the Plan Administrator of employee benefit plans within the meaning of Section 3(3) of ERISA; a fiduciary within the meaning of Section 3(2)(A)(iii) of ERISA; and the named fiduciary within the meaning of Section 402 (a)(1) of ERISA.

5. Plaintiff Board of Trustees of the Central California Pipe Trades Industry Labor-Management Cooperation Committee Trust Fund is a joint labor-management trust fund organized pursuant to Section 302(c)(9) of the LMRA and Section 6(b) of the Labor Management Cooperation Act of 1978 ("LMCA").

6. Each Plaintiff has a fiduciary duty to the employees of Defendants to collect funds, invest and administer said funds, and protect said funds from claims.

7. At all relevant times herein, Rutledge Plumbing, Inc. ("Employer") was engaged in the construction industry in the State of California, and as such, was engaged in commerce, or in an industry affecting commerce, within the meaning of the National Labor Relations Act

LAW OFFICES
Kimble, MacMichael
& Upton
A PROFESSIONAL CORPORATION
5260 NORTH PALM AVENUE
SUITE 221
P. O. Box 9489
FRESNO, CA 93792-9489

2
COMPLAINT FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT, ETC.

1  ("NRLA") and ERISA. As such, said defendant is an employer within the meaning of ERISA.

2      8.    DOES 1 through 50, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiffs. When their true names and capacities are ascertained, Plaintiffs will amend this complaint by inserting their true names and capacities herein. Plaintiffs are informed and believe and thereon allege that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiffs' damages as alleged herein were proximately caused by such defendants.

### ALLEGATIONS COMMON TO ALL COUNTS

9.    Employer is a signatory to a collective bargaining agreement with the Pipe Trades District Council No. 36 of the Association of Journeymen and Apprentices of the Plumbing & Pipefitting Industry of the United States and Canada, AFL-CIO, and various trust agreements establishing each of the Plaintiff trust funds (collectively, "Agreements").

10.    Pursuant to said written Agreements, Employer promised that it would pay fringe benefit contributions for all work performed by covered employees, with said payments to be received by Plaintiffs at their place of business on or before the twentieth (20th) day of each successive month.

11.    Employer further promised that it would withhold certain monies from each employee's paycheck and remit said monies to a vacation fund for each of said employees, and that it would contribute toward the contract administration and hiring hall expenses incurred by Plaintiffs in administering the Agreements.

12.    The Agreements further provide that delinquent contributions owed to all Plaintiffs, except to the Board of Trustees of the Central California Pipe Trades Industry Labor-Management Cooperation Committee Trust Fund, would be subject to liquidated damages equal to twelve percent (12%) of the contribution amounts, or $40.00, whichever is greater, which increases to twenty percent (20%) of the delinquent contributions if Plaintiffs are forced to initiate legal action upon said contributions. Said liquidated damages, and increase, are not penalties. Rather, it is impracticable and extremely difficult to fix the actual damages suffered by Plaintiffs as a result of said delinquencies. As such, the liquidated damages represent a

LAW OFFICES
Kimble, MacMichael
& Upton
A PROFESSIONAL CORPORATION
5260 NORTH PALM AVENUE
SUITE 221
P. O. Box 9489
FRESNO, CA 93792-9489

3
COMPLAINT FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT, ETC.

1  reasonable endeavor by the parties to ascertain, and compensate Plaintiffs for, the damages
2  resulting from said delinquencies.

3    13.  The Agreements further provide that the delinquent contributions and liquidated
4  damages shall accrue prejudgment interest at a rate of twelve percent (12%) per annum, from the
5  respective due date of each contribution to the date of payment.

6    14.  Pursuant to 29 U.S.C. § 1132(g)(2)(D) and the various Agreements herein, a
7  delinquent employer is further liable for all reasonable attorneys' fees and costs incurred by
8  Plaintiffs with respect to any delinquent contribution, including but not limited to, all reasonable
9  expenses incurred in preparation for the lawsuit, accounting fees, all legal costs, court costs, cost
10 of bonds, and attorneys' fees, according to proof.

**FIRST CLAIM FOR RELIEF**
**(Breach of Collective Bargaining Agreement; Unpaid/Delinquent Contributions)**
**Against All Defendants**

13   15.  Plaintiffs incorporate herein by reference all of the allegations of paragraphs 1
14 through 14, inclusive, of this complaint as though the same were fully set forth herein.

15   16.  Plaintiffs have performed all conditions, covenants and promises required on their
16 respective parts by the Agreements, and in accordance with the terms and conditions thereof,
17 except for those acts that have been prevented, delayed or excused by the consent, acts or
18 omissions of Defendants.

19   17.  Plaintiffs are informed and believe, and thereon allege, that Employer performed
20 services within Plaintiffs' jurisdiction, and under the Agreements, from March 2008 through
21 May 2008.

22   18.  However, Defendants have failed and refused to submit the monthly contribution
23 reports, or all of the corresponding contributions (including the vacation fund withholdings, and
24 contract administration and hiring hall expenses), for those time periods, despite Plaintiffs'
25 repeated demands for the same. Plaintiffs are therefore forced to bring the present action against
26 Defendants for said reports and contributions.

27 ///
28 ///

LAW OFFICES
Kimble, MacMichael & Upton
A PROFESSIONAL CORPORATION
5260 NORTH PALM AVENUE
SUITE 221
P. O. Box 9489
FRESNO, CA 93792-9489

4
COMPLAINT FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT, ETC.

19. Said unpaid contributions are further subject to liquidated damages of twenty percent (20%), and prejudgment interest of twelve percent (12%), both as alleged above, in amounts according to proof.

20. Furthermore, Employer was delinquent in remitting its monthly contribution reports for the time period of October 2007 through January 2008. Pursuant to the Agreements, said delinquencies are also subject to liquidated damages, in the additional amount of $992.08.

21. Finally, pursuant to 29 U.S.C. § 1132(g)(2)(D) and the various Agreements herein, Employer is obligated to pay Plaintiffs for all reasonable attorneys' fees and costs incurred by the latter with respect to these delinquent contributions, in amounts according to proof.

**SECOND CLAIM FOR RELIEF**
**(Breach of Collective Bargaining Agreement; Underreported Hours)**
**Against All Defendants**

22. Plaintiffs incorporate herein by reference all the allegations of paragraphs 1 through 14, inclusive, of this complaint as though the same were fully set forth herein.

23. Plaintiffs have performed all conditions, covenants and promises required on their respective parts by the Agreements, and in accordance with the terms and conditions thereof, except for those acts that have been prevented, delayed or excused by the consent, acts or omissions of Defendants.

24. Plaintiffs are informed and believe, and thereon allege, that Defendants underreported the hours worked by various covered employees, and that said underreporting has resulted in underpayments to Plaintiffs of various contributions. Plaintiffs are therefore informed and believe, and thereupon allege, that additional amounts are due and owing to them, in amounts according to proof.

25. Said underreported hours, and their corresponding underpayments, are further subject to liquidated damages of twenty percent (20%), and prejudgment interest of twelve percent (12%), both as alleged above, in amounts according to proof.

26. Finally, pursuant to 29 U.S.C. § 1132(g)(2)(D) and the various Agreements herein, Employer is obligated to pay Plaintiffs for all reasonable attorneys' fees and costs

LAW OFFICES
Kimble, MacMichael
& Upton
A PROFESSIONAL CORPORATION
5260 NORTH PALM AVENUE
SUITE 221
P. O. Box 9489
FRESNO, CA 93792-9489

incurred by the latter with respect to these delinquent contributions, in amounts according to proof.

### THIRD CLAIM FOR RELIEF
(Accounting)
**Against All Defendants**

27. Plaintiffs incorporate herein by reference all the allegations of paragraphs 1 through 26, inclusive, of this complaint as though the same were fully set forth herein.

28. Pursuant to the Agreements, Plaintiffs are authorized to conduct an audit or accounting examination of the payroll books and records of Employer, and furthermore, to examine any and all reports and returns prepared by Employer concerning the time worked by, and/or compensation paid to, employees performing work covered by the Agreements. Employer is required to maintain, and provide to Plaintiffs upon demand, all records substantiating its contribution reports. Employer is further required to provide, upon request, any information relevant and suitable to the administration of the trust funds.

29. As alleged above, the monthly contributions, liquidated damages and prejudgment interest due from Defendants to Plaintiffs is unknown to the latter, and cannot be ascertained without an accounting of Employer's records.

30. Plaintiffs have demanded that Employer account for the above transactions, and pay the amounts found due to Plaintiffs. However, Defendants have failed and refused to render the accounting, or remit said amounts, to Plaintiffs.

31. The Agreements further provide that, in the event an employer is delinquent in remitting its contributions, the employer shall be liable for all reasonable accounting fees. As such, Employer is also liable for all costs incurred for said audit or examination, according to proof.

### PRAYER

WHEREFORE, Plaintiffs pray for judgment as follows, in amounts according to proof:

On the First and Second Claims for Relief:

1. for general damages, comprising the unpaid and underpaid contributions, vacation fund withholdings, and contract administration and hiring hall expenses;

LAW OFFICES
Kimble, MacMichael
& Upton
A PROFESSIONAL CORPORATION
5260 NORTH PALM AVENUE
SUITE 221
P. O. Box 9489
FRESNO, CA 93792-9489

6
COMPLAINT FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT, ETC.

2. for liquidated damages of twenty percent (20%) on all unpaid and underpaid contributions, except to the Board of Trustees of the Central California Pipe Trades Industry Labor-Management Cooperation Committee Trust Fund;

3. for prejudgment interest of twelve percent (12%) per annum; and

4. for reasonable attorneys' fees.

On the Third Claim for Relief:

1. for a general accounting of the books and records of Employer;

2. for payment of all unpaid and underpaid contributions, vacation fund withholdings, and contract administration and hiring hall expenses owed by Defendants;

3. for liquidated damages of twenty percent (20%) on all unpaid and underpaid contributions, except to the Board of Trustees of the Central California Pipe Trades Industry Labor-Management Cooperation Committee Trust Fund);

4. for prejudgment interest of twelve percent (12%) per annum; and

5. for all costs incurred by Plaintiffs in conducting the audit.

On All Claims for Relief:

1. for post-judgment interest at the maximum legal rate from the date of judgment;

2. for costs of suit incurred herein; and

3. for such other and further relief as the court may deem just and proper.

Dated: July 22, 2008.

KIMBLE, MacMICHAEL & UPTON
A Professional Corporation

By_____
HENRY Y. CHIU
Attorney for Plaintiffs

615100.hc.cmp rutledge.2

LAW OFFICES
Kimble, MacMichael & Upton
A PROFESSIONAL CORPORATION
5260 NORTH PALM AVENUE
SUITE 221
P. O. Box 9489
FRESNO, CA 93792-9489